**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 2 7 2015

JAMES W. McCORMACK, CLERK
By: _____
 DEP CLERK

---

LENZY L. McCULLOUGH III

Plaintiff,

-against-

CAVALRY SPV I, LLC
A New York Corporation

Defendant.

---

Civil Action No. 3:15CV84- DPM

**JURY TRIAL DEMANDED**

This case assigned to District Judge __Marshall__
and to Magistrate Judge __Kearney__

---

## ORIGINAL COMPLAINT

Plaintiff, Lenzy L. McCullough III (McCullough), by his undersigned counsel brings this action against Cavalry SPV I, LLC (Cavalry), and states:

### STATEMENT OF JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692k(d) and 28 U.S.C. §1367 for pendant State law claims.

2.     This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 and tort claims for invasion of privacy.

3.     The acts and events complained of in this Complaint occurred within Jonesboro, Craighead County, Arkansas.

4.     Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred here, Plaintiff resides here, and Defendant transacts business here.

1

## PARTIES TO THE CLAIM

5.     The averments set forth in paragraphs 1-4 are adopted herein and incorporated as if set forth word for word.

6.     McCullough is a resident of Jonesboro, Craighead County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d.

7.     At the time of the incident described further herein, Cavalry was a corporation duly authorized to conduct business in the State of Arkansas as a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

8.     Cavalry is being served via its registered agent:

> The Corporation Company
> 124 West Capitol Avenue
> Suite 1900
> Little Rock, AR 72201

## FACTUAL BACKGROUND

9.     The averments set forth in paragraphs 1-8 are adopted herein and incorporated as if set forth word for word.

10.     Cavalry filed a lawsuit against McCullough in the District Court of Craighead County, Arkansas on May 5, 2014 alleging a consumer debt.

11.     The lawsuit and attached affidavit alleges McCullough defaulted on a credit card account obligation with the original creditor, HSBC Bank Nevada NA/Orchard. A copy of that suit is attached hereto as "**Exhibit 1**" and incorporated as if set forth word for word.

12.     Cavalry asserted it purchased and was assigned the account.

2

13.     The Complaint requests attorney fees and costs.

14.     Because "attorney fees and costs" are not authorized by the agreement creating the debt, the Complaint seeks to collect amounts not authorized by contract in violation of **15 U.S.C. §1692f(1).**

15.     By not attaching the agreement upon which it is suing, Cavalry is making a false representation of the character, amount, or legal status of the debt in violation of **15 U.S.C. §1692e(2)(A).**

16.     By not attaching the agreement upon which it is suing, Cavalry is engaging in unfair or unconscionable means in its attempt to collect the alleged debt in violation of **15 U.S.C. §1692f.**

17.     Cavalry has attached no contractual authorization from the original creditor that the original creditor was authorized to assign, transfer or sell McCullough's account; therefore, Cavalry is in violation of **15 U.S.C. §1692e(5)** as Cavalry has evidenced no standing to sue McCullough and is taking action it cannot legally take.

18.     Cavalry is in violation of **15 U.S.C. §1692e(10)** by making false representations and engaging in deceptive means in attempting to collect the debt by its inability to document any agreement between McCullough and any creditor.

19.     At the time it commenced the action against McCullough, Cavalry possessed insufficient evidence and intended not to further investigate in violation of **15 U.S.C. §1692(e)(5).**

20.     Cavalry failed to send McCullough written notice, within five days after its initial communication, containing the information required under **15 U.S.C. §1692g(a).**

3

21.     Upon information and belief, the account in question was closed by McCullough in October 2008 and no payment has been made by McCullough since the account was closed.

22.     Cavalry's cause of action accrued in October 2008.

23.     Pursuant to Ark. Code Ann. §16-56-111, all actions based upon an instrument in writing shall brought within five years from the date the cause of action accrued.

24.     Cavalry's cause of action against McCullough expired in October 2013.

25.     By bringing a lawsuit against McCullough which was outside the applicable statute of limitations, Cavalry is in violation of **15 U.S.C. §1692e(5)** by taking action it could not legally take.

26.     Cavalry's conduct violates the FDCPA for which strict liability applies pursuant to **15 U.S.C. §1692**, et seq.

27.     Cavalry's conduct violates the FDCPA for which statutory damages apply pursuant to **15 U.S.C. §1692k(a)(2)(A).**

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28.     The averments set forth in paragraphs 1-27 are adopted herein and incorporated as if set forth word for word.

29.     Cavalry is in violation of the following sections of the Fair Debt Collection Practices Act as alleged above:

        a.     15 U.S.C. §1692e(2)(A): Making a false representation of the character, amount, or legal status of any debt;

        b.     15 U.S.C. §1692e(5): Taking action that cannot legally be taken or that is not intended to be taken;

c.    15 U.S.C. §1692e(10): The use of any false representation or deceptive means to collect any debt;

d.    15 U.S.C. §1692f: Using unfair or unconscionable means to collect or attempt to collect any debt;

e.    15 U.S.C. §1692f(1): The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

f.    15 U.S.C. §1692g(a) by not sending the required notification to McCullough.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

30.    The averments set forth in paragraphs 1-29 are adopted herein and incorporated as if set forth word for word.

31.    Cavalry intentionally intruded physically or otherwise upon McCullough's solitude or seclusion and believed or was substantially certain that it lacked the necessary legal authority or personal permission, invitation or valid consent to commit the intrusive act.

32.    Cavalry's intrusion was of a kind that would be highly offensive to a reasonable person as the result of conduct to which a reasonable person would strongly object.

33.    McCullough conducted himself in a manner consistent with an actual expectation of privacy.

34.    Cavalry's intrusion was a proximate cause of McCullough's damages.

## DAMAGES

35.    The averments set forth in paragraphs 1-34 are adopted herein and incorporated as if set forth word for word.

36.    As a direct and proximate result of the occurrence made the basis of this lawsuit,

McCullough is entitled to the following damages:

        a.    actual costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3);

        b.    statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C.

§1692(k)(a)(2)(A);

        c.    actual damages pursuant to 15 U.S.C. §1692k(a)(1) for mental anguish, stress

and humiliation;

        d.    damages based on invasion of privacy.

## DEMAND FOR JURY TRIAL

37.    The averments set forth in paragraphs 1-36 are adopted herein and incorporated as

if set forth word for word.

38.    McCullough demands a jury trial on all issues so triable.

## PRAYER

WHEREFORE, McCullough prays that:

1.    He be granted statutory damages pursuant to the 15 U.S.C. §1692k(a)(2)(A);

2.    He be granted actual damages pursuant to the 15 U.S.C. §1692k(a)(1);

3.    He be granted costs and attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

4.    He be granted damages for invasion of privacy.

6

Respectfully submitted,

By: _____

Todd Wooten, Esq.   ABN 94034
**WOOTEN LAW FIRM**
2226 Cottondale Lane, Suite 210
Little Rock, Arkansas 72202
Telephone: (501) 218-6064
todd@wootenlaw.net


and

By: _____

J.R. Andrews, Esq.   ABN 92041
Attorney at Law
2014 Martha Drive
Little Rock, Arkansas 72212
Telephone: (501) 680-3634
jrandrewsatty@yahoo.com


Attorneys for Plaintiff

7

CRAIGHEAD COUNTY
DISTRICT COURT

2014 MAY -5 P 12: 27

FILED

**IN THE DISTRICT COURT OF CRAIGHEAD COUNTY, ARKANSAS**
**JONESBORO DIVISION**

**CAVALRY SPV I, LLC, AS ASSIGNEE OF HSBC BANK NEVADA NA/ORCHARD**　　　**PLAINTIFF**

**V.**　　　　　　　　　　**CASE NO.** C-14-37

**LENZY L MCCULLOUGH, III**　　　　　　　　　　**DEFENDANT**

### COMPLAINT

Comes the Plaintiff and for its cause of action against the Defendant, states:

1. That the Plaintiff is a foreign limited liability company authorized to bring this action under Ark. Code Ann. § 4-32-1008.

2. That the Defendant is a resident of Craighead County, Arkansas.

3. Jurisdiction and venue are proper in this Court.

4. That Defendant purchased certain items with extensions of credit obtained on his/her HSBC BANK NEVADA NA/ORCHARD account. This account was purchased by, and assigned to the Plaintiff for good and valuable consideration.

5. That the amount past due on said account, which has not been paid, and has been owed for a period of time is as follows, principle amount, $989.89. See Plaintiff's Affidavit which is attached hereto and incorporated herein by reference.

6. That demand had been made for the payment of same, yet the balance remains unpaid.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $ 989.89, for post judgment interest at the rate of ten percent, a reasonable attorneys fee, and for all costs herein paid and expended, and for all other proper relief.

Allen & Withrow
Attorneys at Law
P.O. Box 17248
Little Rock, AR 72222

Teaven Stamatis (2008064)

**EXHIBIT**
**1**

# AFFIDAVIT OF CLAIM

STATE OF NEW YORK       )
                             ) SS

COUNTY OF WESTCHESTER )

RE: Cavalry SPV I, LLC, as assignee of HSBC Bank Nevada, N.A. \ Orchard Bank

vs.

## LENZY L MCCULLOUGH III

I, Dawn Fanning, being duly sworn on oath, depose and say:

1. I am an agent and duly authorized representative for Plaintiff and am competent to testify to the matters set forth herein.

2. I am acting in the capacity of Legal Administrator for my employer Cavalry Portfolio Services LLC, a Delaware limited liability company. Cavalry Portfolio Services, LLC performs recovery services for its affiliate, Cavalry SPV I, LLC. In performing recovery services for Cavalry SPV I, LLC, I am familiar with and have access to the books and records of Cavalry SPV I, LLC and of Cavalry Portfolio Services, LLC.

3. That the defendant, LENZY L MCCULLOUGH III, the account holder(s), opened an account with HSBC Bank Nevada, N.A. \ Orchard Bank on 10/26/2005, which account became delinquent and was charged off on 10/30/2010 (the "Account").

4. As of 02/20/2014, the principal balance due and owing by the account holder(s) on the account was $989.89. The account holder(s) have been credited for all payments, set-offs or other credits due.

5. That the Account was purchased by Cavalry SPV I, LLC on or about 11/19/2010 .

6. In the normal course of business, Cavalry Portfolio Services, LLC maintains computerized account records for account holders. Cavalry Portfolio Services, LLC maintains such records in the ordinary and routine course of business and is charged with the duty to accurately record any business act, condition or event onto the computer record maintained for the accounts, with the entries made at or very near the time of any such occurrence. I have reviewed the applicable computer record as it relates to the Account, and I make this Affidavit based upon information from that review, and if called as a witness, I could testify to the matters set forth herein based on that review.

7. In connection with the purchase of the account, Cavalry SPV I, LLC received copies of electronic business records from HSBC Bank Nevada, N.A. \ Orchard Bank, which records were loaded into the computer system of Cavalry Portfolio Services, LLC and which are maintained in an electronic format.

8. Upon information and belief, no Defendant is an infant or incompetent or an active member of the United States Armed Forces who would be entitled to stay relief.

9. Under oath, I am authorized to make this affidavit for Plaintiff and I am informed and believe the above statements are true and correct.

Subscribed and sworn to before me on 03/12/2014

_____
Legal Administrator

_____
Notary Public, State of New York

Allen and Withrow
14327206

Eddy Martinez
Notary Public - State of New York
No. 01MA6268052
Qualified in Westchester County
Commission Expires August 27, 2016

14.983